UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AVI EMANUEL, | |
| Plaintiff, | Case No. 23-cv-4560 |
| v. | |
| BANK OF AMERICA CORPORATION, | Judge Mary M. Rowland |
| Defendant. | |

## MEMORANDUM OPINION & ORDER

Avi Emanuel, *pro se* Plaintiff, brings this suit against the Bank of America Corporation ("BOA") alleging a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., ("FCRA"). BOA moves for judgment on the pleadings [42], asserting Emanuel fails to state a cause of action under the statute. For the reasons stated below, the motion is denied.

## BACKGROUND

In January 2015, Emanuel opened a credit card with BOA. [6] at ¶ 8. Using BOA's service, Emanuel established "autopay" on the account to ensure payments would be made on time under all circumstances. *Id.* at ¶ 9. Utilizing this arrangement, Emanuel paid his credit card on time for 95 consecutive months between January 2015 and December 2022. *Id.* at ¶ 10. During that time, he did not incur any late payments. *Id*. In October 2022, Emanuel used his credit card for a charge of $67.50, which was subsequently billed with a

1

payment due date of December 14, 2022. *Id.* at ¶ 11. Unlike on prior occasions, however, BOA did not utilize the autopay function to pay the bill. *Id.* at ¶ 12. Rather, the bill remained unpaid and was subsequently deemed "overdue" for the months of January and February 2023. *Id.*

In February 2023, BOA notified Emanuel via a letter in the mail notifying him that his account was past due. *Id.* at ¶ 13. This was the first time that Emanuel became aware that there was an issue. *Id.* Upon receiving this information, Emanuel immediately contacted BOA by phone, and on this initial phone call, BOA informed him that it had disabled autopay on his account. *Id.* at ¶ 14. At no point prior to this conversation did BOA notify Emanuel that it had unilaterally chosen to disable the autopay, and at no point did Emanuel consent to this action. *Id.* at ¶ 15. Shortly thereafter, Emanuel made payment on the account, bringing it back to "current" status. *Id.* at ¶ 16.

Emanuel later learned that BOA had reported the account to Equifax, Experian, and TransUnion ("the credit agencies") as "past due" for the months of January and February 2023, which resulted in his credit score dropping by approximately 100 points. *Id.* at ¶ 17. The negative information reported by BOA, and included in Emanuel's credit report by the credit agencies was false, incomplete, and defamatory. *Id.* at ¶ 18. Emanuel alleges that it was BOA itself that failed to make the payment through the autopay system that he had set up and BOA agreed to provide. *Id.*

Emanuel subsequently spent significant time and effort trying to have the negative information removed from his credit report. *Id.* at ¶ 19. Despite his efforts, BOA and the credit agencies refused to remove the negative information. *Id.* at ¶ 20. In June 2023, Emanuel applied for a mortgage for the purchase of a new property, but because of the false,

negative, and defamatory information on his credit report, the rate offered was significantly worse than it would have been otherwise. *Id.* at ¶ 21. Emanuel suffered frustration, stress, anxiety, worry, damage to reputation, and economic losses because of the negative information on his credit report. *Id.* at ¶ 22. On July 13, 2023, Emanuel timely filed this lawsuit.

## LEGAL STANDARD

Rule 12(c) permits a party to move for judgment solely on the pleadings. FED. R. CIV. P. 12(c). Pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020) (internal citation omitted). This Court reviews Rule 12(c) motions under the same standards as a motion to dismiss under Rule 12(b)(6). *Mesa Lab'ys, Inc. v. Fed. Ins. Co.*, 994 F.3d 865, 867 (7th Cir. 2021); *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). Accordingly, this Court takes all facts pleaded in the amended complaint as true and draws all reasonable inferences and facts in favor of Plaintiff. *Mesa*, 994 F.3d at 867.

## DISCUSSION

BOA argues that Emanuel's FRCA claim fails because he has not, and cannot, plead a specific inaccuracy in the credit reporting. [43] at 4-5. Emanuel responds that he has a claim under the FRCA because BOA has provided technically accurate, but materially misleading information. [45] at 1-3. The Court believes Emanuel has stated a claim.

Under Section 1681 s-2(b), Emanuel must make a threshold showing that BOA's data was incomplete or inaccurate. *See* § 1681 S-2(B). This threshold

3

"requirement can be satisfied by demonstrating the data furnished was (1) patently incorrect, or (2) materially misleading, including by omission." *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 772 (7th Cir. 2023). Specifically, Emanuel must (1) make a prima facie showing that the data furnisher (here BOA) provided incomplete or inaccurate information, and (2) "that the incompleteness or inaccuracy was the product of an unreasonable investigation—that is, had the furnisher conducted a reasonable investigation, it would have discovered the data it provided was incomplete or inaccurate." *Id.* at 776. Further, "[u]pon notice of a dispute, the data furnisher has a statutory duty to investigate the disputed data." *Id.* at 773.

Of significance in this case is that data furnishers are competent to make factual determinations, but they do not reach legal conclusions. *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 568 (7th Cir. 2021) (citing *Denan v. Trans Union LLC*, 959 F.3d 290, 295 (7th Cir. 2020). Credit furnishers are statutorily tasked with reinvestigating "factual inaccuracies", but "legal inaccuracies are outside the competency of the reporting agencies." *Id.* at 567. A clear line between the two has not been drawn in the FRCA context. *Id.*

BOA first argues that its reporting to the credit agencies was accurate and therefore Emanuel has not and cannot plead inaccuracy in credit reporting. BOA relies on *Gayer v. Experian Info. Sols., Inc.*, 2020 WL 13369711, at *1 (S.D. Fla. Aug. 11, 2020)[1] to argue that Emanuel's allegation that he is not at fault for the missed

---

[1] BOA further relies on *Berry v. Equifax Info., Solutions, Inc.*, 2023 WL 6316006, *4 (E.D. Mich. Sept. 28, 2023), but that case has been reversed and remanded. *See e.g. Berry v. Experian Information Solutions, Inc.*, 115 F. 4th 528, 536 (6th Cir. 2024). The Sixth Circuit explained that "a consumer can demonstrate an inaccuracy where a report is materially misleading or incomplete, even if it was technically accurate…accuracy under the FRCA encompasses truthfulness and completeness" and

4

payment does not render BOA's reporting inaccurate or misleading. But that case misses the mark. The *Gayer* Court found the plaintiff failed to allege that "*had* the furnisher conducted a reasonable investigation, the result would have been different". *Id.* at *2. The plaintiff's fatal error was a failure to allege a key element of his claim. *See id.* ("Plaintiff has not pled any facts showing what TD Bank could have discovered had it conducted a reasonable investigation."). The court did not address what is at issue here: *i.e.* the incomplete and therefore misleading nature of the information furnished. Plaintiff makes that allegation here. Had BOA conducted a reasonable investigation it would have learned that it unilaterally disabled the autopay feature on Plaintiff's account and *that* action (BOA's action) resulted in the late payment.

BOA next argues that Emanuel is impermissibly asking BOA to resolve a legal contention. [43] at 5-6; [46] at 4. Emanuel responds that investigating fault in this instance would not require a legal determination, but a factual one. [45] at 3-5.

According to the amended complaint, Emanuel did not disable the auto payments, nor was he notified that the auto payments ended. BOA reported the resulting missed payment to the credit agencies. Emanuel disputed the information, and BOA and the credit agencies refused to remove the negative information. Resolving the question of whether Emanuel was at fault is not a legal conclusion, because it does not require applying law to the facts.

---

imposes a duty to avoid material omissions. *Id*. The court further reasoned that "false impressions can be just as damaging as false information", and "Congress surely did not intentionally weave an exception into … the FRCA that would destroy its remedial scheme by allowing [a reporter] to escape responsibility…". *Id.* (quoting *Cortez v. TransUnion, LLC*, 617 F.3d 688, 709-10 (3d Cir. 2010)).

The cases cited by BOA are distinguishable.² BOA relies *on Badwan v. Wells Fargo Bank*, NA, 2022 WL 1092240, at *3 (N.D. Ill. Apr. 12, 2022), to support its argument. There, like here, the plaintiff alleged that he had automatic payments set up (to pay his home loan), which were effectuated without incident for approximately 7 years. *Id*. at *1. In 2020, the plaintiff learned about a Covid-19 relief program which could waive late charges due to hardship. The plaintiff took advantage of that program and directed his bank not to withdraw his March 2020 automatic payment. *Id*. The bank did as requested. *Id*. The plaintiff was reassured later by defendant (not his bank) that his automatic payments were intact, which turned out to be false. *Id*. His May 2020 through July 2020 payments were therefore not made. They were reported to the credit agencies as late. *Id*. at *2. Plaintiff disputed the negative information to no avail. *Id*. The plaintiff timely filed suit under the FRCA, and the defendant moved to dismiss the claim. *Id*. The *Badwan* court granted the motion to dismiss, finding that the complaint did not raise an inference that "the defendant was *aware* of its responsibility for plaintiff's missed payment but continued to report them anyway, nor do they suggest that the [furnisher] failed to discharge its obligation to conduct a reasonable investigation and to correct inaccurate or incomplete information it discovers." *Id*. at *5 (internal quotation marks omitted and emphasis added). Emanuel, by contrast, called BOA directly to put them on notice of the incomplete information and disputed it once it was reported to the credit agencies. BOA was thus aware of its responsibility to conduct a reasonable investigation and

---

² BOA further relies on *Levine v. JPMorgan Chase & Co.*, 46 F. Supp. 3d 871, 875 (E.D. Wis. 2014), but there the plaintiff did not rely on autopay, rather Chase's "custom and practice" of a *reminder* that prompted him to make his monthly payment. *Id*.

6

correct any inaccurate information. Further, the *Badwan* plaintiff alleged that *he* directed his bank to stop the March 2020 payment, and he did not reauthorize payments after, contrasted with the allegation here that BOA unilaterally cancelled the autopayments.

This case is more analogous to the case cited by Emanuel: *Abukhodeir v. Amerihome Mortg. Co.,* 2021 WL 3510814 (M.D. Fla. Aug. 10, 2021). Like here, the *Abukhodeir* plaintiffs received information from the credit agencies that their credit score had dropped significantly because of late payments. *Id.* at *1. The plaintiffs then called the furnisher and learned for the first time that their automatic payments had not been processed. *Id.* Importantly, plaintiffs' late payments were a result of the furnisher's "unilateral failure to process [p]laintiffs' automated payments", and despite notice of the disputes, the late payments remained on plaintiffs' credit report. *Id.* The allegations taken in the light most favorable to Emanuel are thus sufficient to allege a claim under the FRCA at this stage. BOA's motion is denied.

## CONCLUSION

For the reasons stated above, the Court denies BOA's motion for judgment on the pleadings [42]. In person status hearing set for 1/16/25 at 9:30 AM.

E N T E R:

Dated: December 20, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

7